UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND BROWNS FOOTBALL COMPANY, LLC, <br> 76 Lou Groza Boulevard <br> Berea, OH 44017 <br><br> CLEVELAND BROWNS HOLDINGS, LLC <br> 76 Lou Groza Boulevard <br> Berea, OH 44107 <br><br> Plaintiffs, <br><br> v. <br><br> GREAT DIVIDE INSURANCE COMPANY, <br> 7233 East Butherus Drive <br> Scottsdale, AZ 85260 <br><br> NAUTILUS INSURANCE COMPANY, <br> 7233 East Butherus Drive <br> Scottsdale, AZ 85260 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. _____ <br><br> JUDGE _____ <br><br><br> (Demand for Jury Trial) |

**COMPLAINT OF CLEVELAND BROWNS FOOTBALL COMPANY, LLC
AND CLEVELAND BROWNS HOLDINGS, LLC**

For their Complaint, Cleveland Browns Football Company, LLC and Cleveland Browns Holdings, LLC (collectively, the "Browns") state as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment, breach of a settlement agreement, breach of contract, and bad faith denial of insurance coverage for settlement of a lawsuit captioned *Bentley v. Cleveland Browns*, Cuyahoga County Court of Common Pleas, Case No. CV-10-732395 (the "*Bentley* action").

## THE PARTIES

2. Plaintiff Cleveland Browns Football Company, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in the state of Ohio.

3. Plaintiff Cleveland Browns Holdings, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in the state of Ohio. The Plaintiffs are collectively referred to in this Complaint as "the Browns."

4. Defendant Great Divide is a corporation organized under the laws of North Dakota with its principal place of business in the state of Arizona.

5. Defendant Nautilus is a corporation organized under the laws of Arizona with its principal place of business in the state of Arizona. The Defendants are collectively referred to here as "Great Divide."

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 2201 and Ohio Revised Code § 2721.01 *et seq.*, the Browns seek a declaratory judgment.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction because all Plaintiffs are diverse from all Defendants and the amount in controversy exceeds $75,000.00.

8. Pursuant to 28 U.S.C. § 1391, venue in this Court is proper because a substantial part of the events or omissions giving rise to this claim occurred in Cuyahoga County, Ohio.

## FACTUAL ALLEGATIONS

### The Great Divide Insurance Policies

9. Great Divide issued to the Browns a primary general commercial liability insurance policy (CLA 1000089-12) (the "CGL") for the coverage period February 1, 2006 through February 1, 2007.

10. Nautilus issued to the Browns an excess insurance policy (CUA 1010501-10) (the "umbrella policy") for the coverage period February 1, 2006 through February 1, 2007.

11. The Great Divide policy provides coverage in the amount of $1 million per occurrence, with $2 million in the aggregate, and the Nautilus policy provides coverage in the amount of $5 million per occurrence and in the aggregate.

12. Under the express terms of the policies, Great Divide agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies."

13. Under the express terms of the employer stop-gap provision of the CGL, Great Divide further agreed to "pay those sums that the insured becomes legally obligated by Ohio law to pay as damages because of 'bodily injury by accident' or 'bodily injury by disease' to your 'employee' to which this insurance applies."

14. Great Divide and Nautilus issued general commercial liability and umbrella insurance policies with the same coverage for subsequent coverage years, as well.

### The Prior *Jurevicius* Litigation and Coverage Dispute

15. On June 26, 2009 an action captioned *Jurevicius v. Cleveland Browns Football Co.*, *et al*., Cuyahoga County Court of Common Pleas, Case No. CV-09-696826 (the "*Jurevicius*

action") arising from a staph infection contracted by former player Joe Jurevicius was filed against the Browns.

16. With no prior notice to the Browns, Great Divide filed a lawsuit in this Court seeking to avoid its coverage obligations. The lawsuit was captioned *Great Divide Ins. Co., et al. v. Cleveland Browns Football Co. LLC, et al.*, U.S. District Court, Northern District of Ohio, Case No. 1:10-cv-01129.

17. While the coverage litigation concerning the *Jurevicius* action was ongoing, the *Bentley* action, which alleged similar injuries as *Jurevicius*, was filed against the Browns on July 22, 2010.

## Settlement of the Prior Coverage Dispute

18. On December 17, 2010, the Browns and Great Divide entered into a Confidential Settlement Agreement and Mutual Release (the "Settlement Agreement") as it related to coverage for *Jurevicius*.

19. After the parties entered the Settlement Agreement, this Court dismissed the coverage litigation on January 3, 2011, but specifically "retain[ed] jurisdiction over the settlement agreement." (Order, Jan. 3, 2011.)

20. In addition to resolving coverage for the *Jurevicius* action, the Settlement Agreement set certain terms and conditions for the parties' dealings relating the *Bentley* action.

21. Together, the policies and the Settlement Agreement require that Great Divide indemnify claims that fall within the scope of the coverages offered by either policy and pay certain costs of the *Bentley* action.[1]

---

[1] In recent discussions between counsel for the parties, Great Divide has indicated that it intends to pay litigation costs, exclusive of attorneys' fees, pursuant to the Settlement Agreement. Assuming Great Divide does so, the Browns will have no reason to seek payment of such costs in this action. The Browns are working to provide an itemization of unpaid costs to Great Divide shortly.

### The *Bentley* Litigation, Settlement, and Great Divide's Refusal to Provide Coverage

22. Throughout the course of the *Bentley* action, all relevant claims, notice, and payment requests for *Bentley* were properly and timely submitted to Great Divide.

23. The Browns fulfilled their obligations to cooperate, assist, and provide information to Great Divide about *Bentley* at all times.

24. Due to events occurring on May 31, 2012, the Browns have the opportunity to settle *Bentley* on reasonable terms at an amount within the limits of the coverages provided by Great Divide's insurance policies.

25. The proposed settlement amount is within the coverage limits of the policies, in an amount exceeding $75,000, and the terms of the proposed settlement are reasonable.

26. Great Divide refuses seriously to consider settlement and refuses to consider settlement or authorize or participate in meaningful settlement negotiations.

27. Great Divide refuses to honor its obligations in the policies and Settlement Agreement to cover settlement of the *Bentley* action.

28. By its actions, Great Divide has created a conflict of interest with the Browns and has done so in bad faith.

29. Great Divide's actions in connection with *Bentley* are part of a pattern and practice of failing to honor its insurance coverage obligations to the Browns and a pattern and practice of acting in bad faith toward the Browns.

30. Because of Great Divide's most recent refusal to honor the policies and the terms of the Settlement Agreement pertaining to the *Bentley* action, the Browns have incurred or will incur substantial costs in settling the *Bentley* action and in pursuing this obligation to enforce Great Divide's obligations.

## COUNT I—DECLARATORY JUDGMENT

31. The Browns incorporate the foregoing allegations as if fully set forth here.

32. Under the terms of the policies and the Settlement Agreement, Great Divide is obligated to indemnify the Browns against liability in connection with the *Bentley* action, including amounts incurred in settlement.

33. The Browns suffered injury by Great Divide's failure to provide indemnification of the *Bentley* action incurred in defending the *Bentley* action.

34. Pursuant to 28 U.S.C. § 2201(a) and Ohio Rev. Code § 2721.03, the Browns are entitled to a declaration that Great Divide is obligated under the insurance policies issued to the Browns and pursuant to the Settlement Agreement to indemnify the Browns in connection with the *Bentley* action, including amounts incurred in settlement.

## COUNT II—BREACH OF SETTLEMENT AGREEMENT

35. The Browns incorporate the foregoing allegations as if fully set forth here.

36. Under the terms of the Settlement Agreement, Great Divide is obligated to provide coverage for the Browns against liability caused by the *Bentley* action, including amounts incurred in settlement.

37. Great Divide has refused to provide coverage for settlement of the *Bentley* action.

38. The Browns have incurred damages in excess of $75,000 due to Great Divide's breach of the Settlement Agreement.

39. Great Divide is obligated to pay these amounts together with interest, costs, attorneys' fees for this action, and such other relief as the Court deems proper.

## COUNT III—BREACH OF CONTRACT

40. The Browns incorporate the foregoing allegations as if fully set forth here.

6

41. Great Divide breached the insurance policies issued to the Browns by refusing to indemnify the *Bentley* action.

42. Under the terms of the policies, Great Divide is obligated to provide coverage for the Browns against liability caused by the *Bentley* action, including amounts incurred in settlement.

43. Under the terms of the policies, the Browns are entitled to be reimbursed for all amounts incurred in settlement incurred by the Browns.

44. The Browns have incurred damages in excess of $75,000 due to Great Divide's breach of contract in failing to provide indemnification to the Browns.

45. Great Divide is obligated to cover all amounts that the Browns incur in settling the *Bentley* action, together with interest, costs, attorneys' fees for this action, and such other relief as the Court deems proper.

### COUNT IV—BAD FAITH

46. The Browns incorporate the foregoing allegations as if fully set forth here.

47. Great Divide owes the Browns a duty of good faith in administering the policies and considering insurance claims.

48. Great Divide owes the Browns a duty to conduct themselves with a reasonable degree of care, skill, and diligence.

49. Great Divide owes the Browns a duty to consider in good faith whether to accept or reject demands to settle within the policies' limits.

50. Great Divide owes the Browns a duty to comply with its implied covenant of good faith and fair dealing, to take no action that may injure the right of the Browns to receive the benefits of the policies, and not to put its interests ahead of those of the Browns.

51. Great Divide has no reasonable or legitimate justification for refusing to indemnify the *Bentley* action. Great Divide's refusal to indemnify is arbitrary and capricious, in violation of Great Divide's duties and obligations to its insured, and made with disregard for the Browns' rights and interests.

52. Great Divide has knowledge that there is no reasonable or legitimate justification for its refusal to indemnify.

53. Great Divide has no reasonable or legitimate justification for refusing to engage in meaningful settlement negotiations or fund a settlement within policy limits. Great Divide's refusal to engage in meaningful settlement negotiations or fund a settlement within policy limits is arbitrary and capricious and made without regard for the Browns' rights and interests.

54. Great Divide has knowledge that there was no reasonable or legitimate justification for its refusal to engage in settlement negotiations or fund a settlement within policy limits.

55. A good faith consideration of the interests of the Browns required that Great Divide provide coverage and indemnify the Browns in connection with the *Bentley* action, including amounts incurred in settlement, when they had the opportunity to do so.

56. Great Divide committed these acts to further its own economic interest at the Browns' expense.

57. Great Divide is in breach of its duty of good faith and fair dealing.

58. Great Divide acted in bad faith and violated its duty of good faith and fair dealing refusing to indemnify the *Bentley* action, including amounts incurred in settlement.

59. Great Divide acted in bad faith and violated its duty of good faith and fair dealing by failing to settle the *Bentley* action and refusing to authorize, participate, or engage in meaningful settlement negotiations.

60. As a direct and proximate result of Great Divide's bad faith and breach of its duties, the Browns have incurred damages in excess of $75,000 in connection with defending and settling the *Bentley* action.

61. As a direct and proximate result of Great Divide's bad faith and breach of its duties, the Browns are entitled to all amounts that the Browns have paid to settle the *Bentley* action, together with interest, costs, attorneys' fees, and such other relief as the Court deems proper as well as to compensatory and punitive damages in amounts to be determined at trial.

## COUNT V—PUNITIVE DAMAGES

62. The Browns incorporate the foregoing allegations as if fully set forth here.

63. Great Divide acted in bad faith and violated its duty of good faith and fair dealing by failing and refusing to indemnify the *Bentley* action.

64. Great Divide acted in bad faith and violated its duty of good faith and fair dealing by failing to settle the *Bentley* action and refusing to authorize, participate, or engage in meaningful settlement negotiations.

65. Great Divide acted in bad faith and violated its duty of good faith and fair dealing by refusing to fund a settlement within the policy limits.

66. Great Divide acted in bad faith and violated its duty of good faith and fair dealing by placing its interests ahead of those of its insured, the Browns.

67. While acting in bad faith, Great Divide consciously disregarded the Browns' rights and interests under the policies and subjected the Browns to a risk of substantial harm.

68. While acting in bad faith, Great Divide acted with actual malice.

69. As a direct and proximate result of Great Divide's bad faith and breach of its duties, the Browns are entitled to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Browns accordingly pray for the following relief:

1. That the Court issue a declaration that the *Bentley* action falls within the coverages provided by the insurance policies Great Divide issued to the Browns and that, therefore, the Browns are entitled to indemnification of the *Bentley* action;

2. That Great Divide be found liable for prejudgment interest;

3. That Great Divide be ordered to reimburse the Browns for the full amount of the settlement of the *Bentley* action;

4. That the Browns be awarded damages arising from Great Divide's breach of contractual obligations to indemnify the Browns in an amount exceeding $75,000;

5. That the Browns be awarded punitive damages arising from Great Divide's bad faith and conscious disregard for the Browns' rights and interests;

6. That the Browns be awarded their costs and attorneys' fees in connection with this action;

7. That the Court award such other and further relief as it deems just.

8. Alternatively, should Great Divide prevail, the Browns request that this Court order Great Divide to reimburse the Browns for all premiums paid to Great Divide and such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Frederick R. Nance
Frederick R. Nance

        *Fred.Nance@squiresanders.com*
    J. Philip Calabrese
      *Phil.Calabrese@ squiresanders.com*
    Chaundra C. Monday
      *Chaundra.Monday@ squiresanders.com*
    SQUIRE, SANDERS (US) LLP
    4900 Key Tower
    127 Public Square
    Cleveland, Ohio 44114
    (216) 479-8500 (telephone)
    (216) 479-8780 (facsimile)

    *Attorneys for Defendants Cleveland Browns Football Company LLC and Cleveland Browns Holdings LLC*

## **JURY DEMAND**

The Browns demand a trial by the maximum number of jurors permitted by law on all issues so triable.

/s/ Frederick R. Nance
*Attorney for Defendants Cleveland Browns Football Company LLC and Cleveland Browns Holdings LLC*